IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN GUILFORD, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:03cv1162-A |
| ) | |
| ) | |
| CITIGROUP INC., et al. ) | |
| ) | |
| Defendants ) | |

ORDER

This cause is before the court on a Motion to Remand (Doc # 4), filed by the Plaintiff, John Guilford, Jr ("Guilford"). In removing this case and opposing the Motion to Remand, the Defendants argue that the non-diverse Defendant, Mae Gordon, has been fraudulently joined because the claims against her are barred by the statute of limitations. As to the fraud claim against Gordon, the Defendants argue that the Plaintiff received loan documents which contradict the alleged oral misrepresentations over two years before he filed this lawsuit and that those documents provide the information that the non-diverse Defendant allegedly suppressed. Therefore, the Defendants argue that the Plaintiff's fraud claim is barred by the two year statute of limitations for fraud, see Ala. Code § 6-2-38(l), and thus, the non-diverse Defendant has been fraudulently joined.

The court has examined these loan documents and finds that the documents do not directly contradict the Plaintiff's allegations to the extent that there is no possibility that the state court could find that the fraud claim is not barred by the statute of limitations. Therefore, the court holds that the Plaintiff has not fraudulently joined the non-diverse Defendant, and thus this


EXHIBIT A

court does not have subject matter jurisdiction over the case. Consequently, the Plaintiff's Motion to Remand is GRANTED, and this case hereby ORDERED REMANDED to the Circuit Court of Barbour County, Alabama. The clerk is DIRECTED to take the necessary steps to effect the remand.

DONE this 14th day of June, 2004.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE