

RECEIVED
FEB 20 2004
BY:_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:03CV-179-R

HOWARD & JANETTE HARPOOL                                    PLAINTIFFS

v.

KENTUCKY FINANCE COMPANY, INC., ET AL.                     DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court upon Plaintiffs' Motion to Remand (Dkt. # 9). Defendants have responded (Dkt. # 12) and Plaintiff has replied to Defendants' Response (Dkt. # 13). For the reasons that follow, Plaintiffs' motion (Dkt. # 9) is GRANTED.

## BACKGROUND

Plaintiffs Howard and Janette Harpool filed suit against Defendants Kentucky Finance Company, Inc., First Family Financial Services, Inc., Associates Corporation of North America, Associates First Capital Corporation, Citigroup, Inc., Citifinancial, Inc., and Melinda Qualls on September 12, 2003 in Warren County Circuit Court alleging breach of fiduciary duties, breach of implied covenants of good faith and fair dealing, negligent and fraudulent misrepresentation and omission, and civil conspiracy arising from selling the Plaintiffs credit insurance (Dkt. # 2). Defendants removed this case on October 16, 2003, pursuant to 28 U.S.C. § 1441 alleging diversity jurisdiction under 28 U.S.C. § 1332 (Id.). Plaintiffs filed a motion to remand on December 11, 2003 (Dkt. # 9).

## STANDARD

A party seeking to remove an action to federal court bears the burden of showing that the



EXHIBIT
E

ₐ

federal court would have had original jurisdiction over the case had it been initially filed in federal court. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Specifically, a party seeking removal must establish by a preponderance of the evidence that the amount in controversy requirement – currently "$75,000, exclusive of interest and costs," 28 U.S.C. § 1332 – has been met. *Hayes*, 266 F.3d at 572. In addition, the controversy must be between citizens of different states. 28 U.S.C. § 1332. Because federal courts are of limited subject matter jurisdiction, the notice of removal is to be strictly construed with all doubts resolved against removal. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir.1994); *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

### DISCUSSION

Plaintiffs argue in their Motion to Remand and Reply that Defendant Qualls is a citizen of Kentucky (Dkt. Nos. 9 & 13). Therefore, this Court would not have diversity jurisdiction since this matter is not between residents of different states. See 28 U.S.C. § 1332. However, Defendants argue that Defendant Qualls has been fraudulently joined because the claims against her are barred by the statute of limitations and the Plaintiffs have no claim against her (Dkt. # 12).

The burden of proving fraudulent joinder is on the removing defendant. *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)(citing *Alexander*, 13 F.3d at 949).

> To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. *See Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court [This Court] must resolve "all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party." *Id*, All doubts as to the propriety of removal are resolved in favor of remand. *See id.*

*Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

A court analyzing fraudulent joinder in a removed case must look to the appropriate state law to determine whether or not a "colorable" claim exists against the allegedly fraudulently joined party. *See Jerome-Duncan*, 176 F.3d at 907 (citing *Alexander*, 13 F.3d at 949). In doing so, the court "may look beyond the bare allegations of the complaint and conduct a more searching inquiry." *Sprowls v. Oakwood Mobile Homes, Inc.*, 119 F. Supp. 2d 694, 697 (W.D. Ky. 2000) (citing *Carriere v. Sears, Roebuck and Co.*, 893 F. 2d 98, 100 (5th Cir. 1990)).

Actions for fraud must be commenced within five years. Ky. Rev. Stat. § 413.120 (12). However, the five years can be extended to ten years if the fraud is not discovered within five years. Ky. Rev. Stat. § 413.130 (3). Also, the fraud must not have been discoverable with the exercise of reasonable diligence or ordinary care. *Shelton v. Clifton*, 746 S.W.2d 414, 415 (Ky. Ct. App. 1988). However, an exception to this rule exists for persons who are in a confidential relationship. *Id.* Persons who are in a confidential relationship have a more lenient actual discovery rule where it does not matter whether they should have discovered the fraud before then. *Id.*

The Defendants contend that Plaintiffs were in an ordinary relationship with Defendant Qualls and should have discovered the alleged fraud from the insurance documents (Dkt. # ). Plaintiffs contend that they were in a confidential or fiduciary relationship with Defendant Qualls because she was both their loan officer and insurance agent. *Morton v. Bank of the Bluegrass and Trust Co.*, 18 S.W.3d 353, 359 (1999). "A fiduciary relationship is one founded on trust or confidence reposed by one person in the integrity and fidelity of another and which also necessarily involves an undertaking in which a duty is created in one person to act primarily for another's benefit in matters connected with such undertaking. *Id.* In *Morton*, like in this case, the loan officer for the

bank also sold the Plaintiffs credit insurance. *Id* . The Kentucky Court of Appeals held that the bank's loan officer had a fiduciary duty to disclose "material facts affecting the loan transaction such as eligibility for credit life insurance." *Id.*

For Plaintiffs' Motion to Remand to be granted, the Plaintiffs must show that they have a colorable claim against Defendant Qualls for fraud. *See Jerome-Duncan*, 176 F.3d at 907 (citing *Alexander*, 13 F.3d at 949). The elements for fraud by misrepresentation are "the defendant a) made a material representation; b) which was false; c) which was known to be false or made recklessly; d) which was made with inducement to be acted upon; e) which plaintiff acted in reliance upon; and f) which caused plaintiff injury." *Rivermont Inn, Inc. v. Bass Hotels Resorts, Inc.*, 113 S.W.3d 636, 640 (Ky. Ct. App. 2003). The elements for fraud by omission are "that the defendants had a duty to disclose that fact; b) that defendants failed to disclose that fact; c) that the defendants' failure to disclose the material fact induced the plaintiff to act; and d) that the plaintiff suffered actual damages." *Id.* at 641. Further, "[a] duty to disclose facts is created only where a confidential or fiduciary relationship between the parties exists, or when a statute imposes such a duty, or when a defendant has partially disclosed material facts to the plaintiff but created the impression of full disclosure." *Id.* Plaintiffs allege the following misrepresentations or omissions by the Defendants:

> (1) representing that the purchase of insurance would increase Plaintiffs' likelihood of obtaining or being approved for a loan; (2) concealing the fact that the insurance was inadequate or unnecessary; (3) concealing the fact that Defendants charged exorbitant premiums; (4) concealing the fact that Plaintiffs could purchase insurance from another source; (5) misrepresenting and concealing the fact that credit property insurance was unnecessary if Plaintiffs possessed homeowner's insurance and (6) concealing the Defendants' use of the "Rule of 78" to calculate interest.

(Dkt. # 13). Defendants argue that all of the alleged misrepresentations or omissions were covered by the loan documents (Dkt. # 12). While the loan documents may have explicitly stated that credit

4

insurance is not required to get a loan, telling the Plaintiffs that purchasing insurance would increase the likelihood of their getting a loan seems to be a different matter and not covered by the loan documents.

As stated earlier, the notice of removal is to be strictly construed with all doubts resolved against removal. At issue is whether a colorable claim exists against the alleged fraudulently joined parties. While the court may conduct some searching inquiry, the issue should not turn on a full blown discovery quest. At this point, there are allegations of facts sufficient to present a colorable claim against Qualls. Likewise, there may be factual disputes as to the amount in controversy. The issues can be resolved in state court, and if Qualls is dismissed after further discovery, removal could still be available.

This Court GRANTS Plaintiffs' Motion to Remand.

This is the _10_ day of February, 2004.

Thomas B. Russell, Judge
United States District Court

cc:     Counsel

ENTERED
JEFFREY A. APPERSON, CLERK
BY
DEPUTY CLERK

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:03CV-179-R

HOWARD & JANETTE HARPOOL                                PLAINTIFFS

v.

KENTUCKY FINANCE COMPANY, INC., ET AL.                  DEFENDANTS

ORDER

Upon Plaintiffs' Motion to Remand to State Court (Dkt. # 9), Defendants' response (Dkt. # 12), Plaintiffs' reply (Dkt. # 13), and the Court being sufficiently advised,

IT IS ORDERED:

Plaintiffs' motion to remand (Dkt. # 9) is GRANTED.

This is the __10__ day of February, 2004.

Thomas B. Russell, Judge
United States District Court

cc:    Counsel

JEFFREY _____, CLERK
BY _____
DEPUTY CLERK

1