IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ARTHUR BABERS,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *  **Civil Action No.:** |
| | *  **2:06-cv-00077-WHA** |
| **AMERICAN INTERNATIONAL GROUP, INC;** | * |
| **AMERICAN GENERAL CORPORATION;** | * |
| **AMERICAN GENERAL FINANCE, INC.;** | * |
| **AMERICAN GENERAL FINANCIAL SERVICES** | * |
| **OF ALABAMA, INC.; AMERICAN GENERAL** | * |
| **FINANCE CORPORATION;** | * |
| **MERIT LIFE INSURANCE COMPANY;** | * |
| **YOSEMITE INSURANCE COMPANY;** | * |
| **KIMBERLY SINGLETON;** | * |
| and Fictitious Defendants "A", | * |
| "B", and "C", whether singular or plural, those | * |
| other persons, corporations, firms, or other | * |
| entities whose wrongful conduct caused | * |
| the injuries and damages to the Plaintiff, | * |
| all of whose true and correct names are | * |
| unknown to Plaintiff at this time, but will | * |
| be substituted by amendment when ascertained, | * |
| | * |
| Defendants. | * |

## PLAINTIFF'S MOTION TO STAY DEFENDANT'S
## MOTION TO DISMISS

COMES NOW, Plaintiff in response to Defendant American General Corporation's ("AGC") Motion to Dismiss and files this Motion to Stay Defendant's Motion to Dismiss. Plaintiff moves this Honorable Court to stay any action to Defendant's Motion to Dismiss pending the outcome of the Plaintiff's Motion to Remand, and in support of which would show the following:

On or about December 21, 2005, Plaintiff filed this action in the Circuit Court of Bullock County, Alabama. On or about January 27, 2006, Defendants filed a Notice of Removal based on fraudulent joinder and federal question. Consequently, the Removal is improperly based on diversity of citizenship and federal question jurisdiction. On or about February 6, 2006, Defendant AGC filed a Motion to Dismiss contending this Court lacks personal jurisdiction over Defendant AGC. Contemporaneously with the filing of this motion, Plaintiff filed a Motion to Remand and Brief in Support of Motion to Remand. In the interest of justice, the Plaintiff's motion for a stay on further proceedings pending the outcome of Plaintiff's Motion to Remand is due to be granted given that the Court would not have subject matter jurisdiction over these matters if the Plaintiff's Motion to Remand is granted. See generally, National Union Fire Ins. Co. of Pittsburgh v. Liberty Mutual Co., 878 F. Supp. 199 (M.D. Ala. 1995); Austin v. American General Finance, Inc., 900 F. Supp. 396 (M.D. Ala. 1995).

Plaintiff has challenged, on solid grounds, the Defendants' removal of this action from the Circuit Court of Bullock County, Alabama, to this Court, in the Plaintiff's Brief in Support of Remand. In National Union Fire Ins. Co. of Pittsburgh v. Liberty Mutual Ins. Co., *supra,* the court addressed pending motions filed by the defendant while the plaintiff's motion to remand on a fraudulent joinder issue was pending. The court addressed the issue as follows:

> "Even if the court were inclined to grant one of the foregoing motions, it may not do so. The court must possess jurisdiction before it may rule on defendant's requested motions. The court has determined that this case is due to be remanded; therefore, not having jurisdiction, it must decline defendant's invitation to determine their motions on the merits."

Supra at 203.

In <u>Austin</u>, pending before the court was plaintiff's Motion to Remand the action to state court and defendant American General Corporation's Motion to Dismiss. Defendants contended that the court should decide American General Corporation's Motion to Dismiss before addressing the plaintiff's Motion to Remand. However, the court determined that it should first address the plaintiff's Motion to Remand and if the court had subject matter jurisdiction then the Motion to Dismiss would be considered. Since the court granted the plaintiff's Motion to Remand, the case was remanded for further proceedings in state court on the Motion to Dismiss, among other things.

If Plaintiff's Motion to Remand is granted, this Court would not **ever** have had subject matter jurisdiction over the matters currently before it. If the Court were to entertain any motions filed by Defendants, and then found that it did not have jurisdiction, and properly granted Plaintiff's Motion to Remand, all of the rulings by this Court would be null and void. Therefore, in the interest of judicial economy, Plaintiff asks this Court to issue a stay on any further proceeding concerning the Defendant's Motion to Dismiss pending the outcome of the Plaintiff's Motion to Remand.

Based on the foregoing, Plaintiff's Motion for a Stay is due to be granted.

                                                                  /s/ Charles Lance Gould
                                                                 C. LANCE GOULD (GOU007)
                                                                 Attorney for Plaintiff

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Attorneys at Law
Post Office Box 4160
Montgomery, AL  36103-4160
(334) 269-2343
(334) 954-7555 (fax)

Case 2:06-cv-00077-WHA-DRB    Document 10    Filed 02/15/2006    Page 4 of 5

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 15th day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    /s/ Charles Lance Gould
OF COUNSEL


**Jeffrey M. Grantham**
**John Thomas Aquina Malatesta, III**
**Thomas Julian Butler**
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618
205-254-1035
Fax: 205-254-1999

**David Alan Elliott**
**Matthew Thomas Mitchell**
**Robert Howard Rutherford**
Burr & Forman LLP
420 North Twentieth Street
Suite 3100
Birmingham, AL 35203
205-251-3000
Fax: 205-458-5631