IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ARTHUR BABERS,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **vs.** | * **Civil Action No.:** |
| | * **2:06-cv-00077-WHA** |
| **AMERICAN INTERNATIONAL GROUP, INC;** | * |
| **et al.,** | * |
| | * |
| **Defendants.** | * |

## PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

COMES NOW, Plaintiff, and submits this Reply to Defendants' Opposition to Plaintiff's Motion to Remand. Defendants' submissions to this Court fail to carry its heavy burden that Plaintiff cannot state a viable claim against the resident Defendant Kimberly Milstead f/k/a Kimberly Singleton. Plaintiff respectfully requests this Honorable Court grant its Motion to Remand and enter an order remanding this matter back to the Circuit Court of Bullock County, Alabama.

## INTRODUCTION

Plaintiff instituted this state court action against Defendants American International Group, Inc., American General Corporation, American General Finance, Inc., American General Financial Services of Alabama, Inc., American General Finance Corporation, Merit Life Insurance Company, Yosemite Insurance Company, and Kimberly Milstead ("resident Defendant"), when the Complaint was filed on December 21, 2005, in the Circuit Court of Bullock County, Alabama. Plaintiff could not have

originally filed this action in federal court, because Plaintiff and Defendant Kimberly Milstead are citizens of Alabama. Diversity jurisdiction does not exist because citizens of Alabama are on both sides of this litigation, and the "matter in controversy" is not "between . . . citizens of different States." 28 U.S.C. §1332.

Defendants alleged that the removal was proper under the diversity jurisdiction statute, 28 U.S.C. §1332, even though Plaintiff and Defendant Kimberly Milstead are Alabama residents. Defendants assert that Plaintiff fraudulently added the Alabama resident Defendant in this case, and therefore removal from the state court was proper pursuant to 28 U.S.C. § 1441 (b) under the doctrine of fraudulent joinder. Additionally, Defendants assert this Court has federal question jurisdiction.

In the present case, the resident Defendant misrepresented and concealed material facts relating to the Plaintiff's purchase of insurance in connection with the loan, including but not limited to, misrepresenting that if "he purchased the credit insurance his credit score/rating would be better" and that "he stood a better chance of getting approved for the loan he requested." The Alabama resident Defendant exceeded the normal debtor/creditor relationship when she gave Plaintiff financial advice and wrongfully advised Plaintiff that refinancing his previous loan would save him money and that it was in his best interest. The case at issue is one such that Plaintiff detrimentally and reasonably relied on the material representations and omissions of the Alabama resident Defendant. Furthermore, those fraudulent representations and omissions were intentional, wanton and committed with reckless disregard for the safety and rights of Plaintiff.

In summary, casting all of the aforementioned facts in a light most favorable to Plaintiff, it cannot be said that Plaintiff has not stated a cause of action for fraudulent misrepresentation and fraudulent concealment, and failure to procure the proper coverage against the non-diverse Defendant or that as a matter of law, Plaintiff's claims would be barred in a state court action.

## ARGUMENT

### A.    Fraudulent Joinder

First, there is absolutely nothing unique in Defendants' opposition that is specific to the non-diverse Defendant. It appears that what Defendants are really trying to show is that Plaintiff has no claims against any Defendant, not just the non-diverse Defendant. As such, the claim of "fraudulent joinder" of a specific Defendant is inappropriate. This is always true when the defenses being cited are really applicable to all defendants. Therefore, the "common defense" rule applies in this case.

Defendants argue that the Eleventh Circuit has not expressly applied the "common defense" rule in its fraudulent joinder analysis. However, that fact is not particularly relevant since the United States Supreme Court has adopted this doctrine and its logical underpinnings. In <u>Chesapeake & Ohio Railway Company v. Cockrell</u>, 232 U.S.146 (1914), a case in which the United States Supreme Court addressed the "common defense" rule, the Court held that:

> "As no negligent act or omission personal to the railway company was charged, and its liability, like that of the two employees, was, in effect, predicated upon the alleged negligence of the latter, the showing manifestly went to the merits of the action as an entirety, and not to the joinder; that is to say, it indicated that the plaintiff's case was ill founded as to all defendants. Plainly, this was not such a showing as to engender or compel the conclusion that the two employees were wrongfully brought into a controversy which did not concern them. As they admittedly were

in charge of the movement of the train, and their negligence was apparently the principal matter in dispute, the plaintiff had the same right, under the laws of Kentucky, to insist upon their presence as real defendants as upon that of the railway company. We conclude, therefore, that the petition for removal was not such as to require the state court to surrender its jurisdiction."

Id. at 280. As was the case in Chesapeake, the basis of this case revolves around the acts and/or omissions of the resident Defendant. As illustrated below, Judge Myron H. Thompson of the United States District Court for the Middle District of Alabama recently delivered a sound analysis of the "common defense" rule and its applicability to the case at hand.

Judge Myron H. Thompson recently remanded five identical actions based on the "common defense" rule. See Tony and Dorothy Turner v. American International Group, Inc., et al., Civil Action No. 3:05cv753-MHT (M.D. Ala. February 15, 2006)(Attached as Exhibit "A"), Bernice Poole-Reese v. American International Group, Inc., et al., Civil Action No. 3:05cv750-MHT (M.D. Ala. February 14, 2006)(Attached as Exhibit "B"), James Poole v. American International Group, Inc., et al., Civil Action No. 3:05cv749-MHT (M.D. Ala. February 14, 2006)(Attached as Exhibit "C"), Iona Levett v. American International Group, Inc., et al., Civil Action No. 3:06cv52-MHT (M.D. Ala. March 13, 2006)(Attached as Exhibit "D"),  and Robert and Eunice McKinnes v. American International Group, Inc., et al., Civil Action No. 2:06cv41-MHT (M.D. Ala. March 13, 2006)(Attached as Exhibit "E"). Judge Thompson noted that the Eleventh Circuit has not reached this issue, but other circuits have applied a "common defense rule" to fraudulent joinder claims such as when a defense to liability is common to diverse and non-diverse defendants, fraudulent joinder is not found. Judge Thompson remanded the actions holding that, "the corporate defendants have not shown that the individual defendants

were fraudulently joined in light of the common defense rule." To date, Defendants still have not made the requisite showing.

Contained in his well-grounded analysis in all three of the above-referenced opinions, Judge Thompson aptly noted that the Plaintiff's "sole claim against the corporate defendants is for negligent and wanton hiring, training and supervision, which requires the finding of underlying tortuous conduct by an employee before the employer can be held liable." Poole-Reese at 7; Poole at 11; Turner at 7; Levett at 8-9; and McKinnes at 9. (See Stevenson v. Precision Standard, Inc., 762 So.2d 820, 824 (Ala. 1999)(citing Big B, Inc. v. Cottingham, 634 So.2d 999 (Ala. 1993); Nash v. Segars, 682 So.2d 1364 (Ala. Civ. App. 1996)). Judge Thompson concluded that, "Accordingly, **the arguments for barring state-tort liability against the non-diverse individual defendants appear to apply equally to preventing liability for the diverse corporate defendants.**" Id. Therefore, Judge Thompson's analysis of the "common defense" rule and its applicability to this case logically makes sense, and it necessarily follows that the joinder is not "fraudulent." Plaintiff respectfully asks this Court to consider the rulings of Judge Thompson as persuasive authority and grant Plaintiff's Motion to Remand.

Conversely, Defendants attempt to argue that Plaintiff's negligent and wanton hiring, training and supervision claim is only actionable against the out of state Defendants. However, their analysis is a clear misapplication of the "common defense" rule. Importantly and more distinguishing, Judge Thompson correctly noted that there must first be a finding of underlying tortuous conduct by an employee before the employer can be held liable on a claim for negligent and wanton hiring, training and

supervision; therefore, that claim is actionable as to both non-diverse and diverse defendants alike.

Defendant's example of negligent hiring and training being a unique claim is further eroded, because, in Alabama, the statute of limitations for negligence and fraud are the exact same – two years. Therefore, assuming *arguendo*, that Defendants were correct in asserting that Plaintiff's statute of limitations has in fact run on his fraud claim, then the statute of limitations has also run on the negligence claim.[1] On this point, it is also important to note, that the issue at hand is called the common "defense" rule. Not the common "claims" rule. Since the statute of limitations defense is common to each defendant and each claim, there is no appropriate distinction as Defendants' suggest.

In <u>Smallwood v. Illinois Cent. R.R. Co.</u>, 385 F.3d 568, 574 (5th Cir. 2004), the full Fifth Circuit recognized that when the basis for fraudulent joinder is really an attack on the merits of the entire case, it is not appropriate to just single out treatment of one or just a few Defendants. More particularly, the Court explained that:

> Rather, the basis of its contention that Smallwood could not recover went, in fact, to the entire case, although it was first directed to Smallwood's claims against MDOT. Then, with jurisdiction secured, and with all the force of the "law of the case," this same preemption was directed to the merits of Smallwood's claims against the railroad. A claim of improper joinder by definition is directed toward the joinder of the in-state party, a simple but easily obscured concept. The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper. Nevertheless, when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit. In such cases, it makes little sense to single out the in-state defendants as "sham" defendants and call their joinder improper. In such

---

[1] This is especially true in Alabama where there is no tolling of a negligence claim unlike the states in the 5th Circuit, which do allow a tolling of negligence claims.

> circumstances, the allegation of improper joinder is actually an attack on
> the merits of plaintiff's case as such--an allegation that, as phrased by the
> Supreme Court in <u>Chesapeake & O.R. Co. v. Cockrell</u>, "the plaintiff's case
> [is] ill founded as to all the defendants." In reaching this conclusion, we
> are applying our traditional improper joinder analysis.

<u>Id</u>. (internal citations omitted).  The instant action presents the same issue.

Defendants attempt to limit the application of <u>Smallwood</u> by ~~arguing~~ argue that the "common defense" rule has only a narrow scope.  However, there is no objective standard or guidelines offered by Defendants as to what this means.  Furthermore, since this issue is before the Court on a removal petition, the applicable law clearly provides that any ambiguities are construed against removal and in favor of remand. <u>Pacheo de Perez v. AT&T Co.</u>, 139 F.3d 1368, 1380 (11th Cir. 1998).

Regardless of what Defendant's "narrow scope" argument may suggest, there is no doubt that the "common defense" rule has been applied in several other fraud cases, especially in this jurisdiction, as noted above.  The Defendants appear to cite <u>Boone v. Citigroup, Inc.</u>, 416 F.3d 382 (5th Cir. 2005) and <u>Rainwater v. Lamar Life Insurance Company</u>, 391 F.3d 636 (5th Cir. 2004), for the proposition that the "common defense" rule should be applied narrowly.  But, in <u>Rainwater</u>, **a case involving fraudulent misrepresentation**, the court reiterated that if "the limitations defense in question is dispositive of *all* claims against *all* defendants, then <u>Smallwood</u> would require remand to state court." <u>Id</u>. at 638.  Since in this case "the arguments for barring state-tort liability against the non-diverse individual defendants appear to apply equally to preventing liability for the diverse corporate defendants," the joinder is not fraudulent.

In <u>Boone</u>, the appellants (plaintiffs) for some reason, "conceded that the failure of their claims against the resident defendants does not in and of itself cause those of which

are not based on respondeat superior liability for the wrongs committed by the resident defendants to fail as well." Id. at 392. However, that is clearly not the case in this action. Contrary to what happened in Boone, the Plaintiff in this case readily admits that if the claims against the non-diverse Defendants are due to be dismissed and/or are deemed not actionable based on Defendants' statute of limitations argument and reasonable reliance arguments, then all claims against all Defendants are also due to be dismissed. Therefore, since a claim of fraudulent joinder is improper, Plaintiff's Motion to Remand is due to be granted.

    **B.**    **Amount in Controversy**

Defendants have stated the unsupported proposition that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Such a conclusory assertion that the jurisdictional amount is satisfied without supporting facts is insufficient to meet Defendants' burden. See Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319-20 (11th Cir. 2001). In cases removed to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332, if the complaint does not specify the amount of damages sought, the Defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit. Bolling v. Union National Life Insurance Co., 900 F. Supp 400, 403 (M.D. Ala. 1995). The only evidence presented by Defendants is simply that other "fraud" cases in Alabama have received punitive and/or compensatory damage awards in excess of $75,000.00. However, those cases are not shown to be factually similar to the instant action. In fact, Defendants do not make an attempt to draw parallels between the facts in the instant case and the facts that were the basis for any particular verdict.

More importantly, none of the cases cited by Defendants take into account the United States Supreme Court's landmark opinion of <u>State Farm Mutual Automobile Insurance Co. v. Campbell</u>, 538 U.S. 408, 425, 123 S. Ct. 1513, 1524, 155 L.Ed.2d 585 (2003). Defendants only assert that since Plaintiff requests punitive damages, this fact alone is sufficient to reach the jurisdictional threshold of the Court. However, on this important point, Defendants cannot offer any authority to suggest that a request for punitive damages, standing alone, is sufficient to create federal jurisdiction.

Under <u>State Farm</u> and similar Supreme Court authority, Plaintiff does not believe that Defendants can make the requisite showing that any punitive award offered in this case would be in excess of $75,000 - and still be constitutionally permissible. Obviously, any relevant discussion of punitive damage awards must be filtered through the due process protections guaranteed in <u>State Farm</u>, and its antecedents.

### C.    **Federal Question Jurisdiction**

Defendants contend that this Court has federal question jurisdiction. Defendants cite the United States Supreme Court case of <u>Grable & Sons Metal Products, Inc., v. Darue Engineering & Manufacturing</u>, 125 S.Ct. 2363 (2005), which is a case that was removed to Federal District Court on the grounds that it presented a federal question because the title claim depended on an interpretation of federal tax law. In <u>Grable</u>, a former landowner brought an action to quiet title in state court against a tax sale purchaser alleging that the Internal Revenue Service had given him inadequate notice of sale. The Court held that "the national interest in providing a federal forum for federal tax litigation is sufficiently substantial to support the exercise of federal-question jurisdiction over the disputed issue on removal." <u>Id.</u> at 2366-2371. As one can see,

Grable is not a TILA case, nor is it even a consumer case. TILA is not implicated by any state law claims. Importantly, TILA is only a "disclosure" statute that says individuals should get certain documents. It in no way touches or concerns oral (mis)representations that are not contradicted by the required documents.

Here, Plaintiff's claims do not require proof of a violation or an interpretation of federal law. Plaintiff's claims are simply garden-variety fraud claims and may not be recast and rewritten by Defendants to state a claim under TILA or Regulation Z. As the master of his complaint, Plaintiff has chosen to rely exclusively on state law claims. **Plaintiff has explicitly repudiated any claim he may have under federal law.** (See Complaint ¶ 12). Plaintiff's complaint alleged that Defendants misrepresented and/or suppressed material facts relating to the loans at issue. This is a state law claim for fraudulent misrepresentation and suppression. Simply, because Defendants were required by TILA or other regulations to disclose certain facts does not mean that the Plaintiff has stated a claim under TILA. More importantly, there is nothing to even suggest that a court would have to even reference the statutory scheme passed by Congress in TILA to resolve Plaintiff's claims.

### CONCLUSION

Based on the foregoing, Plaintiff respectfully urges this Honorable Court to remand this action to the Circuit Court of Bullock County, Alabama.

/s/ Charles Lance Gould
C. LANCE GOULD (GOU007)
Attorney for Plaintiff

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Attorneys at Law
Post Office Box 4160
Montgomery, AL  36103-4160
(334) 269-2343
(334) 954-7555 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

/s/ Charles Lance Gould
OF COUNSEL

Jeffrey M. Grantham
John Thomas Aquina Malatesta, III
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618
205-254-1035
Fax: 205-254-1999

David Elliott
Robert H. Rutherford
Matthew T. Mitchell
Burr & Forman LLP
Suite 3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203
Tel:    205-251-3000
Fax:    205-458-5100